[Cite as *State v. Faiola*, 2024-Ohio-4848.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MICHAEL A. FAIOLA,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 CO 0049

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 22 CR 623

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor and *Atty. Christopher R.W. Weeda,* Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Robert T. McDowall, Jr.*, Robert T. McDowall Co., LLC, for Defendant-Appellant

Dated: September 18, 2024

---

**WAITE, J.**

{¶1} Appellant Michael A. Faiola appeals the nine-month consecutive sentence he received for illegal conveyance of drugs into a detention center. Appellant argues that the trial judge did not adequately take into consideration the duress he was under in prison that led him to commit the crime. Appellant concedes that the court made all the appropriate findings to support a consecutive sentence, and that the sentence was not contrary to law. The record indicates that the court did consider Appellant's explanation of the circumstances related to the crime, and he has not shown that the record clearly and convincingly does not support the trial court's findings. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

<u>Facts and Procedural History</u>

{¶2} On October 12, 2022, the Columbiana County Grand Jury indicted Appellant for one count of illegal conveyance of drugs into a detention center, R.C. 2923.03(A)(1), a third degree felony. The allegation was that Appellant smuggled pieces of paper that were soaked in fentanyl into the prison by hiding them within envelopes containing confidential papers from his attorney. Because the envelopes contained privileged materials from Appellant's attorney, they were not searched as rigorously as other items might have been. His mother supposedly prepared the envelopes with the drug-laced papers for delivery to the prison.

{¶3} On June 21, 2023, Appellant entered into a Crim.R. 11 plea agreement. He agreed to plead guilty to the lesser included offense of attempted complicity in the commission of an offense, R.C. 2923.02(A) and 2923.03(A)(1), a fourth degree felony. The underlying offense was illegal conveyance of drugs into a detention center. The

crime carried a potential penalty of six to eighteen months in prison. The state agreed to recommend a nine-month prison term.

{¶4} Sentencing took place on October 23, 2023. Appellant stated at sentencing that he and his mother were threatened by gang members at the Noble Correctional Institution (where Appellant had been incarcerated earlier). Appellant was told that he and his mother would be killed if he did not agree to the scheme of smuggling drug-laced papers into the prison. On the other hand, he also admitted that he was getting paid to smuggle the drugs into the prison. Appellant's mother did not appear at sentencing to corroborate his story that there was some type of duress involved leading to the scheme to convey the drugs into the prison. The sentencing transcript also notes that Appellant had a long list of prior convictions, including multiple felonies. Appellant had spent years in prison for such crimes as aggravated robbery, fraud, breaking and entering, and theft, extending back to 2003, and was currently serving a prison sentence.

{¶5} The trial court sentenced Appellant to a nine-month prison term, to be served consecutively to the sentence in Mahoning County Case No. 2023 CR 100. The sentence in that case was for having a weapon under a disability and possession of a fentanyl-related compound, with a 1-year firearm specification. He received a three-year prison term in that case. The final judgment of sentencing was filed on October 23, 2023. This appeal followed on November 7, 2023. Appellant presents one assignment of error on appeal.

ASSIGNMENT OF ERROR

THE TRIAL COURT FAILED TO SUFFICIENTLY CONSIDER THE DURESS OF APPELLANT WHEN IMPOSING CONSECUTIVE SENTENCES.

{¶6}   Appellant contends that the trial court did not sufficiently take into account his explanation at sentencing the crime occurred due to duress and threats from gang members.  Appellant spoke at length at the sentencing hearing about being approached at the Noble County Correctional Institution by gang members who were incarcerated with him.  They knew that Appellant received confidential packages and envelopes from his attorney.  They supposedly threatened to kill both him and his mother if he did not agree to putting papers laced with fentanyl into those confidential envelopes so that they could be smuggled into the prison.  Appellant believes that if the court had taken his testimony about duress more seriously he would not have been sentenced to a consecutive prison term.

{¶7}   When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law.  *State v. Marcum*, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2).

{¶8}   A defendant may challenge a consecutive sentence on three grounds: whether the trial court failed to make the appropriate findings to impose consecutive sentences under R.C. 2929.14(C)(4); whether the record clearly and convincingly does not support the findings the sentencing court made to justify consecutive sentences; and

whether the consecutive sentences were clearly and convincingly contrary to law. *State v. Gibbs*, 2022-Ohio-4792, ¶ 64 (11th Dist.). Appellant is not arguing that the court failed to make the required findings in R.C. 2929.14(C)(4), nor is he arguing that the sentence is contrary to law. Appellant agrees that the court made the appropriate findings and that the sentence is within the statutory framework for imposing consecutive sentences for fourth degree felonies. Appellant is arguing that the record does not support the court's findings.

**{¶9}** We must determine whether the record clearly and convincingly does not support the trial court's findings. The record indicates that the prosecutor recommended a nine-month consecutive sentence, and that this recommendation was permitted by the plea agreement. The maximum potential sentence was eighteen months in prison. Part of the information presented at sentencing was Appellant's lengthy list of prior convictions. The prosecutor mentioned multiple felonies going back more than 20 years for aggravated robbery, fraud, stolen property, breaking and entering, telecommunication fraud, and many theft charges. In addition, Appellant had recently been sentenced to three years in prison in a separate case out of Mahoning County. The court also noted that crime was very serious because it involved bringing very dangerous narcotics into a prison setting. These were all factors that the trial court could consider when imposing a sentence.

**{¶10}** Furthermore, Appellant stated that he committed the crime in this case out of greed so that he could be more comfortable while in prison and not have to ask people for money. He was allegedly asked to bring the drugs into the prison by gang members, and he stated at sentencing: "Me being the idiot, naive person, 'Sure. Sure. Agreed.' I

want money. Sure." (10/23/23 Tr., p. 9.) The trial court noted this aspect of the crime later during the sentencing hearing: "Mr. Faiola, it's the first thing you said. It was your greed." (10/23/23 Tr., p. 13.)

{¶11} It is clear that there were a wide variety of factors that could have led the trial judge to impose a nine-month consecutive prison sentence or even more than nine months. The maximum sentence could have been eighteen months in prison, and the court chose to only impose a nine-month prison term. The shorter prison term could have been because the court did indeed take into account Appellant's statements at sentencing regarding the alleged duress he was under. Based on the many pages in the transcript devoted to the duress topic, and the many questions and comments made by the court regarding the allegations about threats from gang members, it is unreasonable to conclude that the court failed to take it into consideration.

{¶12} The court found that Appellant committed the offense while under a criminal sanction for a previous offense; that his criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime; that the sentence was necessary to protect the public and to punish the offender; that the offense was so great that no single prison term would adequately address the seriousness of the offenses; that the sentence was necessary to carry out the principles and purposes of Ohio's sentencing laws; and that the sentence was not disproportionate. Appellant has not pointed to anything in the record that contradicts or in any way undermines the trial court's findings or the sentence that was imposed. Although Appellant's testimony regarding threats and coercion from gang members is disturbing, it had to be weighed against all the other factors that support the imposition of a consecutive sentence.

Case No. 23 CO 0049

{¶13} Appellant has failed to show that the record clearly and convincingly does not support the trial court's findings or the justification for the sentence. Therefore, Appellant's assignment of error is overruled.

## Conclusion

{¶14} Appellant pleaded guilty to attempted complicity to the illegal conveyance of drugs into a detention center. He agreed to a recommendation of nine months in prison for the fourth-degree felony. The trial court sentenced him to serve the prison term consecutively to another narcotics conviction he was serving in Mahoning County. He argues on appeal that the record does not support the consecutive sentence because the court did not take into account the circumstances of the crime, namely, that he committed the crime under duress. On the contrary, the record fully supports the imposition of a consecutive prison sentence due to Appellant's lengthy criminal record, the seriousness of the crime, and Appellant's admission that he committed the crime out of greed. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Dickey, J. concurs.

———————————————

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**